IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BARBARA J. DUKE, Executrix of )
The Estate of Thelma Edgar, )
  )
     Plaintiff, )
  )
v. )    2:03-CV-00934-DRB
  )         [WO]
ATRIA, INC., )
  )
     Defendant. )

## MEMORANDUM OPINION *AND*
## ORDER ON MOTIONS TO STRIKE EVIDENCE ON RULE 104 MOTIONS

After due consideration of supporting and opposing submissions, the Court makes evidentiary rulings in response to **Defendant Atria, Inc.'s** *(1) Motion To Strike ... Plaintiff's Response to Atria's Motion to Exclude Plaintiff's Expert* **(Doc. 78, April 21, 2005) and (2)** *Motion to Strike* purportedly inadmissible materials filed with Plaintiff Duke's motion to exclude Atria's expert **(Doc. 75, April 18, 2005)**. Pertinent background for this litigation is supplied in the concurrently filed opinion which addresses each party's motion under Rule 104, Federal Rules of Evidence.[1]

## I.

## MOTION TO STRIKE (Doc. 78)

Duke responded in opposition to Atria's Rule 104 motion with a brief (Doc.70) and eleven exhibits (Doc. 71), including testimony of her expert by affidavit and by deposition. Atria's *motion*

---

[1]The *motion to strike* filed April 21 (Doc. 78) governs Defendant *Atria, Inc.'s Motion Under Rule 104 of the Federal Rules of Evidence* (Doc.58, March 30, 2005), *and* the Doc. 75 *motion to strike* involves submissions with *Plaintiff's Motion Under Rule 104- Motion in Limine, Federal Rules of Evidence* (Doc.66, April 6, 2005).

*to strike* claims deficiencies in all but two of the proffered exhibits[2], and Atria also objects to "evidentiary" references in Duke's brief.   The rulings which follow reflect due analysis of Atria's *Motion*,  Duke's *Objection* (Doc. 80), and the relevant rules of evidence.  Discussed initially are objections to the proffered testimony of Duke's expert, who testified at the evidentiary hearing and had her complete deposition admitted into evidence as *Def.'s Ex. 3.*

> ### A.    Affidavit of Duke's expert  (*Ex.*5)

 In challenging the credentials of Theresa Bowyer, R.N. ("Bowyer"), Atria supports its Rule 104 motion with excerpts from Bowyer's deposition testimony on January 18, 2005.  In opposition, Duke submits Bowyer's April 11, 2005 affidavit[3], and Atria moves to strike it as either inconsistent with deposition testimony or insufficiently grounded on personal knowledge or experience, and thus nothing more than an *ipse dixit.*[4]

 Close scrutiny of Bowyer's cited testimony does not buttress either alleged  inconsistency. First, Atria contrasts the affidavit's critical opinions of  Lula Woods –  the   culpable employee whose care  undergirds the liability claim – with prior deposition testimony finding no "fault with anything ...Woods did that morning."[5] As Bowyer emphasizes in her affidavit, however, she did

---

[2]Unchallenged are *Ex. 3* (Deposition excerpts of Daria McCord Robinson) and *Ex. 4* (Deposition excerpts of Angela Stewart).

[3]This 17-page affidavit with 3 attachments is  *Ex. 5* in Duke's evidentiary submission.  The affidavit without the attachments was admitted into evidence at the hearing as *Def.'s Ex. 2.*

[4]A Latin reference to "something asserted but not proved."

[5]Atria's *Mot. to Strike* at 13, citing pp. 104-104 of the deposition testimony, which is excerpted with Atria's evidentiary submission for its Rule 104 motion (Doc.59) and admitted in its entirety at the evidentiary hearing as *Def.'s Ex. 3*.  The pertinent testimony is exemplified by the following exchange:

> *Q:   Can you find fault with anything Lula Woods did that morning?*

(continued...)

qualify the opinion given at her deposition on the relevant evaluative materials then available for

her review.[6]   In her September 2004 preliminary report,  Bowyer similarly clarified her need for

additional documentation – including, *inter alia*, the training and supervision provided to Woods

–  before   finalizing  conclusions  about  her  culpable  acts  or  omissions.   Nor  does  Bowyer's

---

[5](...continued)
>    *A:   Based on what I have, no.*
>
>    *Q:   Again, I agree to qualify that with after the fall and not making the call and all
>         of that. Just so we're clear for the record, as far as the fall itself and the events
>    leading  up to it that morning, you don't find any fault with Lula Woods?*
>
>   *A:    No.*

[6]The following colloquy at Bowyer's deposition documents her attempt to qualify her expert opinions
of Woods' acts or omissions:

>    *Q:* Anything that Lula Woods did or failed to do caused Mrs. Edgar to fall?
>
>    *A*: There was no documentation in the report that had an investigation of the incident that I
>    could see.
>
>    *Q*: I'm not asking about documentation. I'm asking about your opinion as an expert in this
>    case involving the fall, what did Lula Woods do or fail to do which caused Mrs. Edgar to
>    fall?
>
>    *A*: Based on what I have, I cannot give an opinion as to that.
>
>    *Q*: You cannot provide any opinion Lula Woods did or failed to do anything which led to
>    Mrs. Edgar's fall?
>
>    *A:* Not prior to the fall, no.  After the fall, with failing to initiate the 911 call and notifying
>    the family as such, yes, there was a breach there.
>
>    *Q*: I understand your criticism of what occurred after the fall.  But the fall itself, as we sit
>    here today–
>
>    *A*: Based on what I have, no, I cannot say that she caused the fall.
>
>    *Q*: Can you find any fault with anything Lula Woods did that morning?
>
>    *A*: Based on what I have, no.

(*Bowyer Dep*. at 104-105).

deposition testimony provide any basis for Atria's second claim of testimony inconsistent with her proffered affidavit; instead, a fair reading confirms her consistent disclaimer of any sole reliance for her opinions on the "speciality care" regulations identified in her deposition.[7]  In addition to purported inconsistencies with her prior deposition testimony, Bowyer's affidavit should be struck, Atria contends, because referenced materials are not attached as required by Fed.R.Civ.P.56(e).[8]  Abundant case law confirms that any deficiency in this connection is not fatal. [9]

### B.   Excerpts from the Deposition of Duke's Expert (*Ex.* 6)

As evidence of Duke's non-compliance with the discovery order narrowing the scope to employees specifically referenced in the complaint – a fact previously alleged by Atria and not denied by Duke – Atria quotes Bowyer's deposition testimony that she reviewed "a list that appeared to be of all their employees [that] had each employee's name at the top and the date, the time they clocked in, and the time they clocked in, and their cumulative hours.[10]  Assuming that Duke's

---

[7]See *Bowyer Dep.* at 90.  Bowyer declares in her preliminary report  that she "reviewed and/or considered" the Rules of Alabama State Board of Health, Alabama Department of Public Health, Assisted Living Facilities as well as The Merck Manual of Geriatrics: Falls; Prevention and Prognosis, Physical Examination. *See Preliminary Synopsis* at 1.

[8]Rule 56(e) dictates, in relevant part:   "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

[9]*See e.g., United States v. Dailide,* 227 F. 3d 385, 406 (6th Cir. 2000); *Iacobelli Construction, Inc. v. County of Monroe*, 32 F. 3d 19, (2d Cir. 1994)("An affidavit stating the facts upon which an expert's opinion is based satisfies Rule 56(e) even if the data supporting the facts is not attached.");  *M&M Medical Supplies & Service, Inc. v. Pleasant Valley Hospital, Inc.*, 981 F. 2d 160, 166 (4th Cir. 1993);  *see also*, 11 Moore's Federal Practice §56.14[1][e][ii] ( 3d ed. 2004)("Although an expert's affidavit is required to set forth the facts on which the expert affiant's opinion is based, the affidavit will satisfy Rule 56(e) even if the data supporting those facts is not attached).

[10]*See Def.'s. Mot.* at 25 n.15,  and 24-27, citing the *Bowyer Dep.* at 62-63 as well as the court's December 1, 2004 ruling  – in response to  Atria's Motion to Quash, Objection and Motion for Protective Order (Doc. 43) – which limited Duke's discovery to "relevant work schedules and time sheets for those employees involved in Edgar's care".

counsel exceeded authorized discovery in this connection, the proper remedy for this violation is not the exclusion of Bowyer's entire testimony, and Atria presents no compelling authority dictating this extreme penalty.

####        C.      Evidentiary Exhibits

In addition to the proffered affidavit (Ex.5) and deposition testimony (Ex.6) of Duke's expert, Atria objects to Exs 1, 2, 7, 8, 9, 10, and 11, and the Court enters rulings on these seven additional objections in the ORDER below.

####        D.      Evidentiary References in Brief

Atria contends that Duke "has attempted to insert information into her brief that she cannot prove through admissible evidence" and identifies eight references for exclusion.[11] For each of the following six references, Atria offers without elaboration multiple "reasons for excluding/inadmissibility"(*e.g.*, "not disclosed under Rule 12; not revealed in prior discovery; lack of personal knowledge; hearsay; irrelevant")

| *page (brief)* | *reference* |
|---|---|
| 1 | to other Atria facilities not involved in suit |
| 4, ¶ 2 | incorrectly characterizing Atria's facility. . . |
| 6, ¶ 1 under "II" | unspecified Atria "advertisement". . . |
| 6-7 (top) | activities by a CNA . . . . |
| 7, ¶ 1 under "A" | unspecified general definition on website.. . . |
| 18, ¶ 1 under quote | unspecified general definition on website.. . |

These references do not constitute specific records, documents, or other items actually offered by Duke as evidence; discerning no objection to evidence, the Court finds inappropriate the motion to strike.

---

[11]Atria's *Mot. to Strike* at 19-21.

_____In contrast, Atria's objection to Duke's *page 7, ¶ 1 under "A" references to the Merck Manual as substantive evidence"* relates somewhat to its objection to admission of the Merck Manual as Duke's Ex. 11.  Similarly, Atria's objection to Duke's *page 9 ¶ 1 under "I and 17, ¶ 3 discussion of alleged similarities in nursing homes and assisted living facilities . . ..* relates to the affidavit of Duke's expert offered as Ex. 5.  Thus, the Court responds first to these objections by reference to its rulings herein on the two exhibits cited.  With respect to all of Atria's objections to evidentiary references in Duke's brief,  it bears repeating that advocacy in briefs is not evidence,  and the Court's evaluation of briefs and all submissions will be guided by procedural and evidentiary rules applicable  to the substantive motions in controversy.


        **E.     Order**

    Consistent with the foregoing analysis,  it is, therefore,

    **ORDERED** that ***Atria's Motion to Strike Plaintiff's Response to Atria's Motion to Exclude Plaintiff's Expert***  (Doc. 78, April 21, 2005 )  is

    *1.  DENIED to the extent that* it seeks to strike the affidavit of Duke's expert (*Ex.5*).

    2.  *DENIED* with respect *to Ex. 6* (Deposition Excerpts of Theresa Bowyer, R.N.)  *to the extent that* the motion requests exclusion of any testimony by Bowyer and  *GRANTED to the extent that* Bowyer is hereby barred from testifying about culpable acts or omissions by Atria employees not referenced in the complaint.

    3.  *GRANTED* with respect to *Ex. 10* (Preliminary Report of Theresa Bowyer, R.N.) *only to the extent of the prohibitions imposed on this expert's testimony in* this Order *(¶ 2, supra) and* elsewhere in the concurrently filed opinion on Atria's Rule 104 motion with respect to this expert.

4. *DENIED* to the extent that Atria's OBJECTIONS, to the extent specified for *the following-described exhibits , are each OVERRULED[12]:*

*Ex.  1*   Atria New Hire Information Form for Lula Woods

*Ex.  2*   Atria HR Source/Position Description form for Lula Woods

*Ex.  8*   Atria Marketing Brochure

*Ex.  9*   Resident Care Plan

*Ex. 11*  Merck Manual

5. *GRANTED* to the extent that Atria's OBJECTIONS are *SUSTAINED*  with respect to *Ex. 7* (Incident Report and Investigation).

_____

## II.

## Motion to Strike (Doc. 75)

In connection with  Duke's Rule 104 *Motion,*  Atria moves to strike five exhibits submitted with Duke's *Motion* "on grounds that they represent inadmissible  evidence (no personal knowledge, hearsay, subsequent remedial measures and lack of authentication..." (*Mot.* at 6).

After due consideration and consistent with  rulings concurrently filed on objections to these same exhibits submitted both in opposition to Atria's Rule 104 motion and in opposition to Atria's Motion For Summary Judgment,  it is

_____

[12]Authentication for *Exs. 1* and *2* is either supplied by admitted deposition testimony  or it is evident that the document can be submitted in authenticated form at trial.  *See Bozeman v. Orum*, 199 F. Supp. 2d 1216, 1222 (M.D. Ala. 2002).  Other asserted objections to these exhibits cannot be determined based on Atria's submission.

**ORDERED**  that Atria's ***Motion to Strike*** (Doc. 75) is

1.    *DENIED* to the extent that Atria's OBJECTIONS, to the extent specified for *the following-described exhibits, are each OVERRULED*

> *Ex. 2*          Atrial Fall Risk Assessment of Thelma Edgar..
>
> *Ex. 3*          Atria New Hire Information Form for Lula M. Woods
>
> *Ex. 4*          Atria HR Sources Position Description for CNA....
>
> *Ex. 5*          Alabama State Individual Training Record, NEW HIRES ONLY...

2.    *GRANTED* to the extent that Atria's OBJECTION is *SUSTAINED* with respect to   *Ex. 6* (Lula Woods counseling on Atria protocol for falls....dated 9-3-2002).

———————

Done this  27TH day of June, 2005.

                                        **/s/ Delores R. Boyd**
                                        DELORES R. BOYD
                                        UNITED  STATES  MAGISTRATE  JUDGE