IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA J. DUKE, Executrix of | ) | |
| The Estate of Thelma Edgar, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:03-CV-00934-DRB |
| | ) | [WO] |
| ATRIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION *AND ORDER***
***ON***
**MOTION TO STRIKE PLAINTIFF'S RESPONSE ON SUMMARY JUDGMENT**

In opposition to Defendant Atria, Inc.'s summary judgment motion, Duke filed *Plaintiff's Response to Defendant's Motion for Summary Judgment* (Doc.76) and *Plaintiff's Exhibit List - Plaintiff's Response to Defendant's Motion for Summary Judgment* (Doc. 77). **Decided now is Atria's *Motion to Strike Plaintiff's Response on Summary Judgment* (Doc. 84, April 24, 2005).**

**I.**

**DISCUSSION**

Addressed preliminarily is Atria's contention that Duke's "voluminous submission - approximately 230 total pages . . ., including 196 pages of documents plaintiff contends represent evidence in support of plaintiff's opposition – coupled with the failure to point to specific facts or admissible evidence in plaintiff's 34 page brief in opposition, fails to satisfy the 'specific facts' standard of Rule 56, by even the most liberal standard." (*Def.'s Mot*. at 1-2). Duke's denial includes her objection to Atria's assertion of this contention as a "motion to strike" pursuant to Fed.R.Civ.P.12(f) "in response to non-pleadings." (*Pl.'s Response* at 1-2).

To the extent that Atria's motion to strike is directed to Duke's "Response" in its entirety, it is due to be denied as the Response itself is properly construed not as a pleading but instead nothing more than a memorandum or brief advancing Duke's arguments and evidence in opposition to summary judgment.  While a Rule 12(f) motion to strike is reserved for pleadings, a party proposing or objecting to summary judgment may object to any submissions proffered as evidence and the court is obliged to consider the grounds asserted and rule on admissibility.

A nonmoving party must bring forward "significant probative evidence" in opposition to summary judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted").  Accordingly, the Court necessarily examines Atria's *Motion to Strike* for specific objections to evidentiary exhibits or materials proffered or otherwise relied on in Duke's brief or evidentiary submission.  *See, e.g., First Nat'l Life Ins. v. California Pac. Life*, 876 F. 2d 877, 881 (11th Cir. 1989) (unauthenticated photocopies of out of state court proceedings were inadmissible evidence).

**A.  Objections to Brief**

For its contention that Duke's brief "refers to matters not allowed", Atria identifies six references and reasons for excluding them on this record.  The references specified do not constitute specific records, documents, or other items actually offered by Duke as evidence.  Atria objects first to the following reference at page 1 of Duke's brief to Atria facilities not involved in this lawsuit: "*[t]he Halcyon facility was one of three facilities Atria owned and operated during the time that...Edgar .... was a resident in the Halcyon facility."*  Because Duke fails to document by affidavit or other evidentiary support this declaration of Atria's ownership of other facilities, Atria seeks exclusion on four grounds –" lack of personal knowledge, hearsay, irrelevant, and specifically prohibited under AMLA."  Similarly, the remaining references deemed inadmissible by Atria do

2

not relate to anything offered as evidence; instead, Atria cites multiple pages of discussion, the content of which is  described only generally, as follows:

| *page* | *item* |
|---|---|
| 2-6 | Discussing background with no record support in the form of admissible evidence |
| 6-7 | Discussing claims |
| 11-18 | Discussing plaintiff's expert |
| 19-20 | Discussing alleged new injury from supposed movement subsequent to fall and failure to call 911 |
| 20-32 | Referring to conversations, discussions and matters regarding Thelma Edgar and plan of care |

As reasons for excluding these pages – which constitute essentially all of Duke's brief – Atria then cites a host of evidentiary deficits (e.g., lack of personal knowledge, hearsay, irrelevant, non-existent evidence) without pinpointing how any objection applies to any portion of the discussion referenced only generally.

Duke properly objects to this motion to strike "generally all of plaintiff's brief".  Since Atria does not particularize any objectionable "evidence" in these pages of discussion, the Court declines appropriately to undertake the lawyer's task of specifying disputed evidence and the basis for any objection.  Because  advocacy is not evidence and briefs cannot substitute for affidavits and other admissible evidence to defeat a motion for summary judgment,  the Court will nonetheless evaluate all of Duke's assertions and arguments in brief by the exacting and well-established standards for summary judgment submissions. The nonmovant on summary judgment cannot create a genuine dispute of material fact by reference to either materials not authorized by Rule 56(c) or evidence inconsistent with the requirements of Rule 56(e).  To the extent that the discussion pages cited

3

reference inadmissible evidence or evidence excluded by other rulings, the evidence or discussion in question will be disregarded or weighed consistent with the ruling or rule of evidence.

### B.      Objections to Evidentiary Exhibits

Atria cites objections to all but one (Ex.18) of the 21 exhibits included in Duke's evidentiary submission in opposition to summary judgment (Doc. 77).[1]  After due consideration of Atria's asserted objections, Duke's response, and the applicable rules of evidence, it is

   **ORDERED as follows**:

1. Atria's ***OBJECTION to Ex. 1*** (Statement of Uncontested Facts) is ***SUSTAINED*** on the ground that this Statement is not evidence.  Though not evidence, the Statement may be considered as part of Duke's brief but any evidentiary items therein referenced or attached will be considered only if such item has been admitted or is otherwise admissible on this record.

2. Atria's ***OBJECTION to Ex. 2*** (Deposition excerpts of Daria McCord Robinson) is ***SUSTAINED*** only on the asserted grounds of "*references to irrelevant matters*" (i.e., acts by other employees not identified in the complaint and  testimony regarding other patients)  and  *subsequent remedial measures*.  Because other asserted objections (hearsay, lack of personal knowledge, and outside AMLA and §6-5-551) are not  particularized to specific testimony from the multiple pages attached, the Court cannot assess these objections.

3. Atria's ***OBJECTIONS to Ex. 3*** (Deposition Excerpts of Barbara Duke) ***and Ex. 4*** (Deposition Excerpts of Angie Stewart) are ***OVERRULED***  based on Atria's failure to identify the

---

[1]Though Duke itemizes 20 exhibits on a list which serves as a cover sheet, the final exhibit is inadvertently marked to duplicate Pl.'s Ex. 20 ("Alabama State Individual Training Record - New Hires Only").  Thus, the Court identifies as Pl.'s Ex. 21 the one-page, unverified statement of counseling by Lula Woods.

testimony on these multiple pages of deposition testimony which should be excluded on any or all of the asserted grounds [ (a)hearsay, (b) lack of personal knowledge, (c) irrelevant, and (d) outside AMLA and § 6-6-551].

4. Atria's specified hearsay **OBJECTION to Ex. 5** (Deposition Excerpts of Sherry Rhodes) is **OVERRULED**. The Court is unable to assess other asserted objections [lack of personal knowledge; irrelevant, outside AMLA and § 6-6-551] because Atria does not identify the specific testimony in controversy for these objections.

5. Atria's **OBJECTION to Ex. 6** (Affidavit of Lula Woods) is **OVERRULED** as mooted by the corrected affidavit subsequently filed (Doc. 90).

6. Atria's **OBJECTION to Ex. 7** (Affidavit of Linda Snead) is **OVERRULED** based on Atria's failure to identify the objectionable portions applicable to the objections asserted [(a) hearsay; (b) lack of personal knowledge; (c) subsequent remedial measures; (d) irrelevant; (e) outside AMLA and § 6-5-551.]

7. Atria's **OBJECTION** based on "lack of authentication" to **Ex. 8** (Residency Agreement) is **OVERRULED** pursuant to either admissible deposition testimony on this record which sufficiently authenticates the records or demonstrates the likelihood that the document can be submitted in authenticated form at trial. *See Bozeman v. Orum*, 199 F. Supp. 2d 1216, 1222 (M.D. Ala. 2002).

8. Atria's **OBJECTIONS to Ex. 9** (Incident Report) on the grounds of "hearsay" and "subsequent remedial measure" are **SUSTAINED.**

9. Atria's **OBJECTIONS to Ex. 14** (Affidavit of Theresa Bowyer) *are **OVERRULED** to*

*the extent that* it seeks to exclude the affidavit altogether.  Consistent with the concurrently filed orders on related motions, this expert witness is hereby barred from testifying (a) about culpable acts or omissions by Atria employees not referenced in the complaint, and (b) about matters concerning which she has been deemed incompetent to testify.

10.   Atria's **OBJECTIONS   to Ex. 10** (Nurses' Notes), **Ex. 11** (Baptist Medical Center discharge note), **Ex. 12** (8/18/03 Baptist records), and **Ex.13** (Hillview records)   are each **SUSTAINED** on the asserted ground that each  exhibit is irrelevant to any issue raised in the summary judgment motion, assuming *arguendo* that the asserted ground of lack of authenticity can be cured.

11.   Atria's **OBJECTION   to Ex. 15** is **SUSTAINED** with respect to both the first page (captioned *Physical Self-Maintenance Scale (PSMS)* and the final page (captioned *Elopement Risk Assessment*)  on the asserted grounds that they cannot be authenticated as  business or medical records.[2]  Atria's **OBJECTION    to Ex. 15** is **OVERRULED**  with respect to the one- page document captioned *Fall Risk Assessment*, signed on 8/13/02 and 8/22/02 by Daria McCord; admitted deposition excerpts from McCord and  Angie Stewart demonstrate the likelihood that this document can be authenicated.

12.   Atria's **OBJECTION    to Ex. 16** is **OVERRULED** on the asserted grounds of authenticity and irrelevancy.

13.   Atria's *asserted* **OBJECTION to  Ex. 17** (Deposition excerpts of Dr. Geary) is

---

[2]The second page of *Ex. 15*, which includes the signature of Daria McCord on 8/21/02, is in fact page 2 of the "Resident Care Plan" document submitted as *Ex. 19*. While admitted excerpts from the deposition testimony of Daria McCord do authenticate the pages of *Ex.15* to be excluded, the same testimony shows that these records cannot be authenticated as Atria's  business or medical records; nor can they be admitted as expert testimony.

*OVERRULED*.

14.   Atria's **OBJECTION to  Ex. 19** ( Resident Care Plan,2 pp.) is **OVERRULED** on the asserted grounds.[3]

15.   Atria's **OBJECTION to Ex. 20** (Alabama State Individual Training Record for Lula Woods) is **OVERRULED** on the ground of authentication as the record demonstrates the likelihood of authentication at trial, and on all other asserted grounds.

16.   Atria's **OBJECTION to Ex. 21 (**Counseling record of Lula Woods dated 9/3/2002) is **SUSTAINED** on the asserted ground that it documents a subsequent remedial measure.

## II.

## CONCLUSION

Accordingly, consistent with this Memorandum Opinion, it is hereby **ORDERED** that Atria's *Motion to Strike* (Doc. 84, April 24, 2005) is **GRANTED only to the extent of the rulings specified at Section I-B on Atria's objections to evidence submitted by Duke (Doc.77) in opposition to Atria's summary judgment motion.**

Done this 27th day of June, 2005.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[3]The admitted portion of *Ex. 19* is authenticated in part by admitted deposition excerpts from Angie Stewart, and it is clear that this Atria business record can be fully authenticated.  Erroneously included in *Ex. 19* is a third page which is wholly unrelated to the exhibit and, in fact, duplicates the first page of *Ex. 15*.